**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Debra Smith, Marian Phimister and Patricia Carley, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:19-cv-6300 |
| Cavalry SPV I, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Debra Smith, Marian Phimister and Patricia Carley, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; b) Plaintiff Smith resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Debra Smith ("Smith") is a citizen of the State of Illinois while Plaintiff Marian Phimister ("Phimister"), is a citizen of the State of New York and Plaintiff

Patricia Carley ("Carley") is a citizen of the State of Michigan. Plaintiffs are consumers from whom Defendant attempted to collect defaulted consumer debts, despite the fact that they had exercised their rights to refuse to pay the debts and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Cavalry operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiffs.

5. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Cavalry's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant Cavalry authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached at Exhibit A. In fact, Defendant Cavalry conducts extensive business in Illinois by writing, calling and filing lawsuits as to hundreds of Illinois consumers.

**FACTUAL ALLEGATIONS**

**Ms. Debra Smith**

7.      Ms. Smith is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Macy's Department Stores National Bank ("Macy's") credit card. In response to her financial problems, Ms. Smith sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Macy's debt.

8.      Accordingly, on January 27, 2017, one of Ms. Smith's legal aid attorneys informed Macy's that Ms. Smith was represented by counsel, and directed Macy's to cease contacting her and to cease all further collection activities because Ms. Smith was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached at Group Exhibit B.

9.      Thereafter, Defendant Cavalry then bought/obtained Ms. Smith's alleged Macy's account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Smith and had another, debt collector, Illinois-based D&A Services, send Ms. Smith a collection letter, dated June 6, 2019, demanding payment of the Macys debt. A copy of this collection letter is attached at Group Exhibit C.

10.     Accordingly, on August 15, 2019, Ms. Smith's legal aid attorneys had to again inform Defendant in writing, yet again, that they represented Ms. Smith, that she refused to pay the debt, and that Defendant should cease communications. Copies of this letter and fax confirmation are attached at Group Exhibit D.

3

**Ms. Marian Phimister**

11.     Ms. Phimister is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Macy's Department Stores National Bank ("Macy's") credit card. In response to her financial problems, Ms. Phimister sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Macy's debt.

12.     Accordingly, on April 12, 2017 and June 2, 2017, one of Ms. Phimister's legal aid attorneys informed Macy's that Ms. Phimister was represented by counsel, and directed Macy's to cease contacting her and to cease all further collection activities because Ms. Phimister was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of these letters and the fax confirmations are attached at Group Exhibit B.

13.     Thereafter, Defendant Cavalry then bought/obtained Ms. Phimister's alleged Macy's account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Phimister and had another debt collector, Convergent Outsourcing, send Ms. Phimister a collection letter, dated May 15, 2019, demanding payment of the Macy's debt.  A copy of this collection letter is attached at Group Exhibit C.

14.     Accordingly, on July 10, 2019, Ms. Phimister's legal aid attorneys had to again inform Defendant in writing, yet again, that they represented Ms. Phimister, that she refused to pay the debt, and that Defendant should cease communications. Copies of this letter and fax confirmation are attached at Group Exhibit D.

4

**Ms. Patricia Carley**

  15. Ms. Carley is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Macy's Department Stores National Bank ("Macy's") credit card. In response to her financial problems, Ms. Carley sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Macy's debt.

  16. Accordingly, on January 15, 2016, one of Ms. Carley's legal aid attorneys informed Macy's that Ms. Carley was represented by counsel, and directed Macy's to cease contacting her and to cease all further collection activities because Ms. Carley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached at Group Exhibit B.

  17. Thereafter, Defendant Cavalry then bought/obtained Ms. Carley's alleged Macy's account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Carley and had another, debt collector, Illinois-based D&A Services, send Ms. Carley a collection letter, dated June 6, 2019, demanding payment of the Macy's debt. A copy of this collection letter is attached at Group Exhibit C.

  18. Accordingly, on June 25, 2019, Ms. Carley's legal aid attorneys had to again inform Defendant in writing, yet again. that they represented Ms. Carley, that she refused to pay the debt, and that Defendant should cease communications. A copy of this letter and fax confirmation are attached at Group Exhibit D.

**Materiality**

19.     Defendant's violations of the FDCPA were material because, although Plaintiffs had been informed by counsel and believed that they had the right to refuse to pay these debts and to demand that collection communications cease, Defendant's collection communications made Plaintiffs believe that their demands had been futile and that they did not have the rights Congress had granted them under the FDCPA.

20.     Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiffs to question whether they were still represented by counsel as to these debts, which caused stress and confusion as to whether they were required to pay the debts at issue.

**Satisfaction of Statute of Limitations**

21.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**Standard of Review for Communications**

22.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

23.     Plaintiffs adopt and reallege ¶¶ 1-22.

24.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

25. Here, the letters from Plaintiffs' attorneys to Defendant's predecessor-in-interest (Group Exhibit B) told Defendant to cease communications and cease collections. By directly communicating with Plaintiffs regarding these debts and demanding payment (Group Exhibit C), Defendant violated § 1692c(c) of the FDCPA.

26. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

27. Plaintiffs adopt and reallege ¶¶ 1-22.

28. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

29. Defendant knew, or readily could have known, that Plaintiffs were represented by counsel in connection with their debts because their attorneys had given notice in writing, to Defendant's predecessor-in-interest, that Plaintiffs were represented by counsel, and had directed a cessation of communications with Plaintiffs. By directly sending Plaintiffs collection letters (Group Exhibit C), despite being advised that they were represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

30. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Debra Smith, Marian Phimister and Patricia Carley, pray that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Smith, Phimister and Carley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Debra Smith, Marian Phimister and Patricia Carley, demand trial by jury.

                                                                                        Debra Smith, Marian Phimister and Patricia Carley,

                                                                                        By: <u>/s/ David J. Philipps          </u>
                                                                                        One of Plaintiffs' Attorneys

Dated: September 20, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com